**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, for the Use and Benefit of First Call Mechanical, Inc., a California corporation,<br><br>           Plaintiff,<br><br>vs.<br><br>Sundt Construction, Inc., a California corporation; Fidelity and Deposit Company of Maryland, a Maryland corporation; and Federal Insurance Company, a New Jersey Corporation,<br><br>           Defendants. | No. CV-07-673-PHX-LOA<br><br>**ORDER** |

        This matter is before the Court on the motion of defendant Sundt Construction, Inc. ("Sundt") and its Miller Act sureties, Federal Insurance Company ("Federal") and Fidelity and Deposit Company of Maryland ("Fidelity") to stay the proceedings and compel plaintiff First Call Mechanical, Inc. ("First Call") to proceed with mediation and/or arbitration. (docket # 10) Plaintiff First Call opposes this motion. All parties to this action have previously consented to magistrate judge jurisdiction pursuant to Title 28 U.S.C. § 636(c). (docket # 27)

**I. Background**

        On or about March 9, 2004, Sundt was awarded a contract with the United States of America acting through the Department of the Air Force, Andrews Air Force Base, to

complete contract F41622-02-D-0001/TG21, Project TG21 - Andrews AFB FY04 Replace MFH at Andrews Air Force Base, Maryland (the "Contract"). (docket # 1 at 3)  Because the Contract was for work on a federal facility and exceeded $100,000 in value, section 3131(b) of the Miller Act, 40 U.S.C. § 3131(b), required Sundt to furnish a payment bond.  Sundt obtained the payment bond from Federal and Fidelity as sureties.

On or about February 22, 2005, Sundt entered into a subcontract agreement (the "Subcontract") with First Call pursuant to which First Call agreed to provide all labor, materials, equipment, and services necessary to supply piping, insulation, the HVAC systems and related materials and work.  (docket # 1 at 3)

The Subcontract provides that all disputes must initially be submitted to mediation.  The Subcontract further provides that if mediation is unsuccessful, then disputes must be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.  Section 32 of the Subcontract provides in relevant part:

> Dispute Resolution: Contractor and Subcontractor shall first use their best efforts to amicably settle all claims, disputes, and other matters relating to this Agreement, supplements or Work Order(s) arising out of or relating to payments or performance thereunder or breach thereof ("Disputes").  It not successful, Contractor and Subcontractor shall attempt to settle such Disputes through mediation under the Construction Industry Mediation Rules of the American Arbitration Association then in effect, unless they mutually agree otherwise, before recourse to arbitration.  All such disputes not resolved through mediation shall be decided by arbitration in the City of the Contractor's home office in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association ("AAA") as set forth below, unless the parties to this Agreement mutually agree otherwise, and provided that such arbitration shall take place between 90 days of the initial demand for same.  This agreement to arbitrate . . . shall be specifically enforceable under the prevailing arbitration rules or law in force in the state of the Contractor's home office at the time arbitration is initiated with the exception of the choice of law provision(s) . . .  Neither party shall be deemed to have violated this provisions by filing suit, provided:
>
> (a) The party files suit in order to prevent the running of the statute of limitations . . . ; and
>
> (b) The party commencing the suit agrees to stay court proceedings pending arbitration under this Agreement.

(docket # 10 at 2-3)

First Call alleges that the sum of $78,511.68 remains unpaid under the Subcontract. (docket # 1 at 4-5) Accordingly, on March 26, 2007, the United States of America for the use and benefit of First Call,[1] filed this action pursuant to the Miller Act, 40 U.S.C. §270(a)-270(d), for payment on the bond. (docket # 1) Thereafter, Sundt requested that First Call stipulate to stay this lawsuit pending arbitration pursuant to the terms of the Subcontract. First Call allegedly never responded to this request. (*Id.*) Sundt now moves for an order staying this action and compelling arbitration under section 3 of the Federal Arbitration Act, 9 U.S.C. § 3. For the reasons set forth below, the Court grants Sundt's motion and directs First Call to initiate arbitration pursuant to the subcontract's arbitration clause.

## II. Stay Pending Arbitration

Sundt argues that under section 3 of the Federal Arbitration Act, 9 U.S.C. § 3 ("FAA"), the Court should stay the pending proceedings and compel arbitration.

The Federal Arbitration Act provides, in pertinent part, that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

The FAA reflects Congress' intent to "move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). Under the FAA, the "district court

---

[1] Civil actions brought under the Miller Act must be brought "in the name of the United States for the use of the person bringing the action." 40 U.S.C. § 3133(b)(3)(A). Thus, the Plaintiff in this action is the United States of America, for the use and benefit of the First Call. However, for convenience, the Court refers to First Call as Plaintiff.

- 3 -

1 must order arbitration if it is satisfied that the making of the agreement for arbitration is not
2 in issue. Therefore, the district court can determine only whether a written arbitration
3 agreement exists, and if it does, enforce it in accordance with its terms." *Simula, Inc. v.*
4 *Autoliv, Inc.*, 175 F.3d 716, 720 (9th Cir. 1999)(citations omitted). Whether an issue is
5 "referrable to arbitration" is determined with a "healthy regard for the federal policy favoring
6 arbitration . . . [and] any doubts concerning the scope of arbitrable issues should be resolved
7 in favor of arbitration, whether the problem at hand is the construction of the contract
8 language itself or an allegation of waiver, delay or a like defense to arbitrability." *Cone*, 460
9 U.S. at 24-25.

10 "[A]n arbitration agreement must be enforced notwithstanding the presence of
11 other persons who are parties to the underlyling dispute but not to the arbitration agreement."
12 Cone, 460 U.S. at 20 (referring to a possible indemnitor). Additionally, when the issues
13 before the district court are not "issue[s] referable to arbitration," the court, while not
14 required to stay the litigation, has the discretion to do so. *American Recovery Corp. v.*
15 *Computerized Thermal Imaging*, 96 F.3d 88, 97 (4th Cir. 1996)(stating that "the decision to
16 stay the litigation of non-arbitrable claims or issues is a matter largely within the district
17 court's discretion to control its docket.").

18 Nothing in the Miller Act prevents the enforcement of an arbitration clause
19 between a general contractor and a subcontractor on a federal contract. *United States ex rel.*
20 *Capolino Sons, Inc. v. Electronic & Missile Facilities, Inc.*, 364 F.2d 705 (2nd Cir. 1966);
21 *United States ex rel. Industrial Engineering & Metal Fabricators, Inc. v. Eric Elevator*
22 *Corp.*, 214 F.Supp. 947 (D.Mass. 1963) (stating that provisions of the FAA apply to suits
23 under the Miller Act.) Indeed, federal courts routinely stay Miller Act lawsuits pending
24 arbitration to determine the contractor's liability. *United States ex rel. MPA Construction,*
25 *Inc. v. XL Speciality Insurance Co.*, 349 F.Supp.2d 934 (D. Md. 2004) (holding that issues
26 between general contractor and subcontractor were referable to arbitration.)

27 In this case, the Subcontract arbitration clause applies to "all claims, disputes and
28 other matters relating to this Agreement, supplements or Work Order(s) arising out of or

- 4 -

relating to payments or performance thereunder or breach thereof."  The issue in this case, whether First Call is owed money under the Subcontract, is subject to the Subcontract's arbitration clause.  "[W]hen a general contractor requests a stay of a Miller Act action by a subcontractor against both the general contractor and the surety, '[t]here can be no question that, under the language of [9 U.S.C. § 3], defendants were entitled to the stay asked.'" *MPA*, 349  F.Supp.2d at 940 (quoting *Agostini Bros. Bldg. Corp. v. United States*, 142 F.2d 854, 855 (4th Cir. 1944)).  The sureties in this matter, although not parties to the Subcontract, have agreed to arbitration. (docket # 24, Exhs. A, B)  Moreover, the arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement.  *Cone*, 460 U.S. at 20.

Based on the foregoing, the Court will grant Defendants' Motion to Stay and will compel First Call to proceed with mediation or arbitration. Defendant Sundt is hereby informed that it may waive its right to proceed to mediation or arbitration by, among others, unreasonably failing to participate in, or unreasonably delaying, mediation or arbitration. *Fisher v. A.G. Becker Paribas, Inc*., 791 F.2d 691, 694 (9th Cir. 1986); *Britton v. Co-op Banking Grp*., 916 F.2d 1405, 1412 (9th Cir. 1990).

Accordingly,

**IT IS ORDERED** that the motion of Sundt Construction, Inc. and its Miller Act sureties, Federal Insurance Company and Fidelity and Deposit Company of Maryland to stay the proceedings and compel plaintiff First Call Mechanical, Inc. ("First Call") to proceed with mediation or arbitration (docket #  10) is **GRANTED**. This case is hereby **STAYED** in this District Court until further order of the Court.

**IT IS FURTHER ORDERED** that First Call shall demand mediation or arbitration against Sundt in accordance with the terms of the Subcontract on or before **June 22, 2007.**

**IT IS FURTHER ORDERED** that Plaintiff shall file a Joint Status Report on or before **November 9, 2007**, setting forth the status of the mediation or arbitration, the due

1 diligence exercised by the parties since the entry of this Order, and good cause, if any exists,
2 why the stay of this lawsuit should remain in effect.

3       Because of the Court's responsibilities as a result of the Civil Justice Reform
4 Act,[2] Plaintiff is hereby informed that this case may dismissed pursuant to Rule 41(b)(lack
5 of prosecution), FED.R.CIV.P., and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)
6 (trial courts have the inherent power to control their dockets and in the exercise of that power
7 they may impose sanctions including, where appropriate, dismissal of a case) **unless** Plaintiff
8 demonstrates that it has exercised due diligence in prosecuting its claim in mediation or
9 arbitration and it has timely filed its Joint Status Report. Any party may ask the Court to
10 schedule an informal status conference **before** the Joint Status Report deadline to inform the
11 Court of any problems existing in the mediation or arbitration or other issues in this case.

12       Dated this 6th day of June, 2007.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge

---

[2] 28 U.S.C. §471 et seq. The Civil Justice Reform Act of 1990 ("CJRA") provides that each United States District Court must develop a civil justice expense and delay reduction plan which facilitates the deliberate adjudication of civil cases on the merits, monitors discovery, improves litigation management, and ensures just, speedy, and inexpensive resolutions of civil disputes. The CJRA mandates the early and on-going judicial management of the pretrial process including controlling the extent of and timing for discovery. 28 U.S.C. §473(a)(2). Under the mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner." Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co., 142 F.R.D. 420, 423 (D.Del.1992).

- 6 -